ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} In this accelerated appeal, appellant Walter Simpkins appeals the trial court's revocation of his probation. He assigns the following errors for our review:
"I. Defendant was denied due process of law when he was foundto be a parole violator without the presentation of anyevidence."
 "II. Defendant was denied due process of law when he was notgranted a preliminary community control sanction hearing."
 "III. Defendant was denied due process of law when the courtconducted an unfair community control sanction violation hearingby having defendant prove his innocense."
 "IV. Defendant was denied due process of law when the courtfailed to advise defendant that he had his right to choice ofcounsel."
 "V. Defendant was denied due process of law when the court didnot consider alternatives to imprisonment."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} This case involves three different cases. The Cuyahoga County Grand Jury indicted Simpkins in Case No. CR 4406693 for two counts of drug possession, one count of drug trafficking, and one count of possession of criminal tools. Simpkins entered a plea of guilty to one count of drug possession. The remaining counts were nolled.
 {¶ 4} In Case No. CR 448384, Simpkins was indicted on one count of possession of drugs, one count of possession of criminal tools, and one count of receiving stolen property. Simpkins entered a plea of guilty to possession of drugs and receiving stolen property. The possession of criminal tools count was nolled.
 {¶ 5} In Case No. CR 449700, Simpkins was indicted on two counts of possession of drugs and one count of possession of criminal tools. Simpkins entered a plea of guilty to one count of possession of drugs. The remaining counts were nolled.
 {¶ 6} On April 6, 2004, the trial court sentenced Simpkins in all three cases to five years of community control with the following conditions: (1) supervision by intensive special probation unit for one year, (2) enter and complete in-patient treatment, and (3) attend five alcoholics/narcotics/cocaine anonymous meetings per week, obtain sponsor and verify. In each journal entry, the trial court stated that a "violation of the terms and conditions may result in more restrictive sanctions, or a prison term of four years."
 {¶ 7} On September 22, 2004, Simpkins was found to be a parole violator. The trial court continued Simpkins' community control. However, it also added the condition that Simpkins "continue inpatient drug treatment at fresh start for an additional 30 days; thereafter defendant to enroll in an aftercare program."
 {¶ 8} On August 1, 2005, Simpkins was again found to be a parole violator. The court again continued Simpkins' community control. The trial court, however, ordered that Simpkins report to his parole officer once a week.
 {¶ 9} On September 22, 2005, the probation hearing, which is the subject of the instant appeal was conducted. Probation officer Charlene Shaft testified that Simpkins violated his parole by testing positive for cocaine on August 30, 2005, and failed to verify his attendance at weekly Alcoholics Anonymous meetings.
 {¶ 10} Counsel for Simpkins stated that the reason Simpkins violated his parole was because Simpkins could not overcome his drug addiction. The trial court found Simpkins violated his parole and sentenced Simpkins to one year in each case to run concurrently with each other.
 Unsworn Evidence {¶ 11} In his first assigned error, Simpkins argues his right to due process was violated because the revocation was based on the unsworn testimony of the probation officer. We disagree.
 {¶ 12} Simpkins failed to object to the unsworn testimony of the probation officer. The failure to timely object to a due process violation during a probation revocation proceeding waives any error.[1] Therefore, Simpkins waives any error regarding the probation officer's testimony.
 {¶ 13} Additionally, we do not view the events as plain error. A probation revocation hearing is not a criminal trial but is "an informal hearing structured to assure that the finding of a * * * [probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior."[2]
Furthermore, the rules of evidence do not apply to probation revocation proceedings.[3]
 {¶ 14} The due process rights which must be observed in a probation revocation hearing are:
"* * * (a) written notice of the claimed violations of[probation or] parole; (b) disclosure to the [probationer or]parolee of evidence against him; (c) opportunity to be heard inperson and to present witnesses and documentary evidence; (d) theright to confront and cross-examine adverse witnesses; (e) a`neutral and detached' hearing body * * *; and (f) a writtenstatement by the factfinders as to the evidence relied upon andreasons for revoking [probation or] parole. * * *"[4]
 {¶ 15} In the present case, all of these due process requirements were met. Although the probation officer's testimony regarding the positive drug test was allegedly unsworn, Simpkins had the opportunity to cross-examine the officer and present evidence and testimony on his own behalf. He did not do this. Instead, Simpkins' counsel admitted that Simpkins could not overcome his drug addiction. Simpkins also did not dispute the allegation that he failed to verify his attendance at required Alcoholics Anonymous meetings. The trial court thus had sufficient evidence to find that defendant violated his probation. Accordingly, Simpkins' first assigned error is overruled.
 Preliminary Control Sanction Hearing {¶ 16} In his second assigned error, Simpkins argues he was denied due process of law because he was not afforded a preliminary community control sanctions hearing to determine probable cause.
 {¶ 17} This exact issue was addressed by the Ohio Supreme Court in State v. Delaney.[5] In Delaney, the defendant was not accorded a preliminary hearing but instead had a single evidentiary hearing at which time the State presented its case against him. Defendant's probation was subsequently revoked, and on appeal the appellate court affirmed the judgment of the trial court holding defendant was not prejudiced by the lack of a preliminary hearing. Defendant then appealed to the Ohio Supreme Court which stated "the dual purpose of the Morrissey-Gagnon
preliminary hearing, * * * is to prevent incarceration of a probationer without probable cause and to allow independent review of the charges against him `while information is fresh and sources are available.'"[6]
 {¶ 18} The Court concluded that unless a defendant can show prejudice because information was no longer "fresh" or sources were no longer "available" for a defense at the time of the final revocation hearing then a preliminary hearing is not mandatory.[7]
 {¶ 19} Simpkins does not argue he was prejudiced by the court's failure to conduct a preliminary hearing, and our review of the record does not demonstrate prejudice. By waiting until his appeal to protest the State's failure to afford him a probable cause hearing, Simpkins waived his right to a hearing on the issue of whether his incarceration prior to the revocation hearing was with probable cause.[8]
 {¶ 20} Simpkins has also failed to show that he was prejudiced because information was no longer "fresh" or sources were no longer "available" at the time of the final revocation hearing. Therefore, we find that although a technical error may have occurred, Simpkins was not prejudiced by the failure of the trial court to conduct a preliminary probable cause hearing. Accordingly, Simpkins' second assigned error is overruled.
 Fifth Amendment {¶ 21} In his third assigned error, Simpkins argues that his Fifth Amendment right to remain silent was violated when the court asked him to respond to the probation officer's allegations that he failed a drug test and failed to provide verification that he attended Alcoholics Anonymous meetings.
 {¶ 22} This court in State v. Pyles[9] held that a probationer is not entitled to the privilege against self incrimination at a probation violation hearing. In so holding, we explained:
"A probation revocation hearing, however, is not a formalcriminal prosecution but is `an informal hearing structured toassure that the finding of a * * * [probation] violation will bebased on verified facts and that the exercise of discretion willbe informed by an accurate knowledge of the * * * [probationer's]behavior.' Morrissey v. Brewer (1972), 408 U.S. 471, 484,[*9] 33 L. Ed. 2d 484, 92 S. Ct. 2593. In Gagnon, supra, theCourt held at 782, `probation revocation, like parole revocation,is not a state of a criminal prosecution * * *.'
 A probationer may be required to discuss matters affecting hisprobationary status. When statements are used solely forsubsequent revocation proceedings, Fifth Amendment protectionsare not afforded. See State v. Ferguson (1991),72 Ohio App.3d 714, 716, 595 N.E.2d 1011, quoting Minnesota v. Murphy(1984), 465 U.S. 420, 435, 79 L.Ed.2d 409, 104 S.Ct. 1136."
 {¶ 23} In the instant case, Simpkins did not contest the drug results and admitted he had a drug problem. Simpkins' statements at the hearing were clearly used only to support his revocation. Therefore, based on the aforesaid authorities, he was not entitled to Fifth Amendment protection.[10] Accordingly, Simpkins' third assigned error is overruled.
 Right to Choice of Counsel {¶ 24} In his fourth assigned error, Simpkins argues the trial court erred by failing to advise Simpkins that he had a right to retain his own counsel, versus, accepting appointed counsel.
 {¶ 25} Simpkins was appointed counsel based on his indigence. At no point did he or his attorney notify the court that he had, in fact, retained his own counsel. Therefore, there is nothing in the record that the court appointed counsel to represent Simpkins instead of an attorney he had retained.
 {¶ 26} Simpkins relies on the United States Supreme Court case of Gideon v. Wainwright[11] in support of his argument that he should have been given the option to retain counsel of his choice. However, Gideon held that the Sixth Amendment right to counsel requires that the court provide counsel to indigent defendants. It does not guarantee defendants the choice of counsel. In the absence of any evidence at the community control revocation proceedings that Simpkins wanted to be represented by a privately retained lawyer (or that he was even able to afford such a lawyer), the trial court did not err in failing to inquire if Simpkins was being represented by the counsel of his choice.[12] Accordingly, Simpkins' fourth assigned error is overruled.
 Consideration of Alternatives to Imprisonment {¶ 27} In his fifth assigned error, Simpkins argues the trial court erred by not considering alternatives to imprisonment. We disagree.
 {¶ 28} The record reflects that Simpkins violated his community control two times before the instant violation by testing positive for drugs. The first time Simpkins' community control was continued. The second time, his community control was violated, the trial court ordered that Simpkins attend an additional thirty days of in-patient treatment at a drug rehabilitation center. In spite of this, Simpkins again violated his parole by using drugs. The second time, the trial court continued Simpkins' probation, but ordered him to report weekly to his probation officer. However, Simpkins again violated his parole by abusing drugs. Based on this history, we conclude the trial court did not err by imposing prison. The first two times the trial court did consider alternatives to prison. In spite of this, Simpkins continued to abuse drugs.
 {¶ 29} Moreover, R.C. 2929.13(E)(2) requires the court make findings only when a positive drug test is the "sole" factor in finding a violation of community control. In the instant case, Simpkins not only tested positive for drugs, but also failed to provide verification that he was attending required Alcoholics Anonymous meetings. Accordingly, Simpkins' fifth assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.
[1] State v. Henderson (1989), 62 Ohio App.3d 848, 853. See, also, State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
[2] State v. Hylton (1991), 75 Ohio App.3d 778, 781, quotingMorrissey v. Brewer (1972), 408 U.S. 471, 33 L.Ed.2d 484,92 S.Ct. 2593.
[3] Evid.R. 101(C)(3).
[4] Gagnon v. Scarpelli (1973), 411 U.S. 778, 786,36 L.Ed.2d 656, 93 S.Ct. 1756.
[5] (1984), 11 Ohio St.3d 231.
[6] Id. at 233.
[7] See, also State v. Ratliff (May 8, 1997), Cuyahoga App. No. 71045; State v. Rose (Mar. 20, 1997), Cuyahoga App. No. 70984.
[8] Id.
[9] (Apr. 10, 1997), Cuyahoga App. No. 69885.
[10] See, also, State v. Ingram, Cuyahoga App. No. 84925,2005-Ohio-1967.
[11] (1963), 372 U.S. 335.
[12] See, also, State v. Ingram, supra at ¶¶ 15-24; State v.Sizemore, 12th Dist. No. CA2005-03-081, 2006-Ohio-1434.