[Cite as *State v. Reed*, 2023-Ohio-1161.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29523 |
| | : | |
| v. | : | Trial Court Case No. 2019 CR 02838/1 |
| | : | |
| CHEYENNE NICOLE REED | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 7, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

CHRISTIE BEBO, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Cheyenne Nicole Reed appeals from the trial court's judgment sentencing her to a minimum of five years to a maximum of seven and one-half years in prison following the revocation of her community control, which had been imposed following her guilty plea to one count of aggravated robbery. For the following

reasons, we affirm the judgment of the trial court.

I.    Facts and Course of Proceedings

{¶ 2} On September 20, 2019, a Montgomery County grand jury indicted Reed on one count of aggravated robbery (deadly weapon), a first-degree felony in violation of R.C. 2911.01(A)(1); one count of kidnapping (felony or flight), a first-degree felony in violation of R.C. 2905.01(A)(2); and one count of robbery (physical harm), a second-degree felony in violation of R.C. 2911.02(A)(2).   Each count carried a three-year firearm specification.

{¶ 3} On November 27, 2019, Reed pled guilty to one count of aggravated robbery. The remaining counts and firearm specifications were dismissed by the State.   On December 12, 2019, the trial court sentenced Reed to community control sanctions for up to five years.   The trial court's judgment entry listed 13 community control sanctions. The entry also alerted Reed that the trial court could impose more restrictive sanctions or a prison term if Reed violated any community control sanctions or any law.   On June 23, 2020, Reed's case was transferred to Women's Therapeutic Court.   Further, community control sanctions were added by the trial court on August 20, 2020, October 9, 2020, July 29, 2021, September 30, 2021, and March 31, 2022.

{¶ 4} On May 31, 2022, the Montgomery County Probation Department filed a notice of revocation against Reed.   On June 22, 2022, a hearing was held before the trial court for the reading of the revocation.   Reed and her counsel were present at the hearing.   At the beginning of the hearing, Reed's counsel informed the trial court that

Reed was going to admit to a violation of her parole and go forward with sentencing. The trial court addressed Reed directly, who agreed that she had failed to comply with one of her case plan objectives. After giving Reed and her counsel an opportunity to speak before sentencing, the trial court sentenced Reed to a minimum of five years to a maximum of seven and one-half years in prison. Reed filed a timely notice of appeal.

II.     The Notice of Revocation and Hearing Before the Trial Court Afforded Reed Her Right to Due Process

{¶ 5} Reed's first assignment of error states:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR BY REVOKING MS. REED'S COMMUNITY CONTROL AND IMPOSING A PRISON SENTENCE WITHOUT AFFORDING MS. REED THE RIGHT TO DUE PROCESS AS REQUIRED BY STATE V. MILLER AND GAGNON V. SCARPELLI.

{¶ 6} " 'The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court.' " *State v. Brown*, 2d Dist. Montgomery No. 22467, 2008-Ohio-4920, ¶ 9, quoting *State v. Schlecht*, 2d Dist. Champaign No. 2003-CA-3, 2003-Ohio-5336, ¶ 7. Thus, we review the trial court's decision revoking community control sanctions on an abuse-of-discretion standard. *Id.* at ¶ 9. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Id.*

{¶ 7} Reed contends she was not afforded due process, because the revocation

notice did not provide sufficient details regarding the claimed violations of community control sanctions. Appellant's Brief, p. 9. According to Reed, it was unclear from the notice which of the ordered sanctions had allegedly been violated. Reed argues that "the trial court committed plain error and violated [her] due process rights by proceeding to revoke community control and sentence [her] to prison where the notice did not provide any details or specify how the sober living violation was related to any of the community control sanctions." *Id.* Further, Reed contends that the trial court erred by combining the preliminary and final hearings. *Id.* at 10. Lastly, Reed argues that she did not enter a knowing and intelligent waiver of her due process rights and right to confrontation. *Id.* at 11.

{¶ 8} "A defendant is entitled to certain due process protections before a court may revoke community control sanctions, although the full panoply of rights due a defendant in a criminal prosecution does not apply to the revocation of community control." *State v. Harmon*, 2d Dist. Champaign No. 2007-CA-35, 2008-Ohio-6039, ¶ 6, citing *Morrissey v. Brewer*, 408 U.S. 471, 480, 93 S.Ct. 2593, 33 L.Ed.2d 484 (1972). First, a defendant is entitled to a preliminary hearing to determine whether there is probable cause to believe that the defendant has violated the terms of his or her community control. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Second, due process requires a final hearing to determine whether probation should be revoked. *Id.*

{¶ 9} " 'At the final revocation hearing, the State must (1) provide the probationer with written notice of the alleged violations of probation; (2) disclose the evidence against him; (3) give the probationer an opportunity to be heard in person and to present

witnesses and documentary evidence; (4) allow him to confront and cross-examine adverse witnesses; (5) afford him a neutral and detached hearing body; and, (6) provide the probationer with a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation.' " *State v. Klosterman*, 2d Dist. Darke Nos. 2015-CA-9, 2015-CA-10, 2016-Ohio-232, ¶ 15, quoting *State v. Gilreath*, 2d Dist. Greene No. 2000-CA-1, 2000 WL 896319, *2 (July 7, 2000).

{¶ 10} The failure to object to a due process violation during a community control revocation hearing waives all but plain error. *Id.* at ¶ 15. Plain error arises only when, "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.* at paragraph three of the syllabus.

{¶ 11} Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt. *State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12, citing *State v. Hylton*, 75 Ohio App.3d 778, 781-782, 600 N.E.2d 821 (4th Dist.1991). "The State need only present substantial evidence of a violation of the terms of a defendant's community control." *Id.*

{¶ 12} Reed has failed to show that the trial court abused its discretion or committed plain error in revoking her community control. In the trial court's December 12, 2019 judgment entry, it sentenced Reed for a period not to exceed five years under the control and supervision of the Montgomery County Division of Criminal Justice

Services, conditioned upon (1) Reed's "faithful adherence to all the rules and regulations of the Division of Criminal Justice Services of the Court"; (2) Reed's "compliance with the General Conditions of this Court of probationers"; and (3) Reed's compliance with 13 community control sanctions. Five community sanctions were added by the trial court on August 20, 2020, October 9, 2020, July 29, 2021, September 30, 2021, and March 31, 2022.

{¶ 13} The May 31, 2022 notice of revocation ordered Reed to appear in court for a June 1, 2022 first reading of the charges and to admit or deny the following violations:

> You violated Rule #7, "I shall accomplish all case plan objectives which are now and will be set for me throughout my supervision." You failed to comply with the no contact order with Tyler Gray, or come within 1,000 feet of their person, residence, or place of employment (even if the [sic] he consents to contact). Also, you were discharged from sober living.

{¶ 14} The notice explained that Reed had a legal right to a probable cause hearing, which could be waived. Further, the notice stated that Reed had the right to present witnesses and evidence favorable to her defense, the right to disclosure of evidence, the right to confront adverse witnesses, and the right to be represented by counsel.

{¶ 15} At the June 22, 2022 revocation hearing, Reed was represented by counsel. It was immediately obvious that Reed was admitting to a violation contained in the revocation notice. In particular, the following exchange occurred at the hearing:

THE COURT: The next one is case number 19-CR-2838, State of Ohio v.

Cheyenne Reed, and we are also here on a revocation. Ms. Berkhofer for the Defendant. Are we setting it for hearing? I would advise counsel, I'm - - there are no programs that you're going to go to, ma'am. So - -

MS. BERKHOFER: Your Honor, we're going to go ahead and enter an admission and be sentenced here today.

THE COURT: Okay. Is the admission, she failed to comply with a case plan objectives in that she was unsuccessfully discharged from sober living?

MS. BERKHOFER: That is correct, Your Honor.

THE COURT: All right. Is that your admission?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there anything you want to tell me before the Court - - before the Court considers the revocation?

THE DEFENDANT: I just thank you for everything.

THE COURT: Anything from counsel with regarding to the revocation?

MS. BERKHOFER: Nothing other than what was discussed prior.

* * *

THE COURT: I'm going to revoke community control, as I mentioned. You previously plead [sic] guilty to aggravated robbery, a felony of the first degree. This is a Reagan Tokes Act case. Is there anything you want to tell me before sentencing?

THE DEFENDANT: No, Your Honor.

THE COURT: Anything from counsel other than what we've discussed?

MS. BERKHOFER: Nothing, Your Honor.

June 22, 2022 Transcript, p. 2, 4.

**{¶ 16}** The trial court then proceeded to explain several things to Reed, including the requirement of serving a mandatory period of post-release control following Reed's release from prison and her right to file an appeal. The court also determined Reed's jail time credit. *Id.* at 4-6.

**{¶ 17}** We believe the State complied with the requirements in *Gagnon*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656. It provided Reed with written notice of the alleged community control violations and disclosed that the evidence against her was that she had failed to comply with the no contact order and had been discharged from sober living. The trial court provided Reed with an opportunity to be heard at her hearing. Reed entered an admission, so there were no adverse witnesses to confront and to cross-examine. The court provided Reed with a written judgment entry. And because Reed entered an admission, there was no evidence to include in the entry. Therefore, we cannot conclude that Reed's right to due process was violated. *See State v. Longworth*, 2d Dist. Montgomery No. 24327, 2011-Ohio-4191. Moreover, Reed has failed to show that the outcome of the revocation hearing would have been different but for an alleged error of the trial court or that such error resulted in a manifest miscarriage of justice. Consequently, we cannot conclude that there was plain error.

**{¶ 18}** The first assignment of error is overruled.

III.     Reed Has Not Shown She Received Ineffective Assistance of Trial Counsel

{¶ 19} Reed's second assignment of error states:

MS. REED WAS DENIED HER CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE VIOLATION OF MS. REED'S DUE PROCESS RIGHTS AND FAILED TO OFFER ANY MITIGATING EVIDENCE PRIOR TO MS. REED BEING SENTENCED TO PRISON.

{¶ 20} To succeed on an ineffective assistance claim, a defendant must establish: (1) her trial counsel's performance was deficient; and (2) the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. To establish deficient performance, a defendant must show that her trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

{¶ 21} Reed contends that her trial counsel failed her in the following ways: (1) failing to object to the vague and confusing content of the notice; (2) failing to argue lack

of probable cause; (3) failing to object to the lack of a preliminary hearing; (4) failing to challenge the legality of the post-sentencing sanctions; (5) failing to object when the trial court did not advise Reed of her constitutional rights; (6) failing to object when the trial court proceeded directly to sentencing; and (7) failing to offer any mitigating evidence on Reed's behalf. Appellant's Brief, p. 13. Further, Reed contends that "because trial counsel completely failed to subject the State's case to any adversarial testing, prejudice should be presumed." *Id.* at 14.

{¶ 22} The State contends that Reed has failed to show that her trial counsel was ineffective. Appellee's Brief, p. 7. Also, the State argues that "because Reed admitted to the alleged violations, and did not object, she cannot argue ineffectiveness of counsel. She has made no allegations that counsel's performance rendered her admissions unknowing and involuntary." *Id.* at 8.

{¶ 23} Based on our review of the record, we have not found any evidence that Reed's counsel performed deficiently. Once Reed admitted to the violation of her community control sanctions, there was not much left for her counsel to do. There were no witnesses to confront and cross-examine. Although her counsel could have presented evidence in mitigation, there is nothing in the record to indicate that such mitigation evidence existed. Further, the trial court gave Reed the opportunity to speak in mitigation, but she did not offer any mitigating evidence. Reed's admission to the community control sanction violation also makes it impossible, upon the record before us, to conclude that there is a reasonable probability that, but for counsel's alleged errors, the result of the revocation proceeding would have been different.

**{¶ 24}** The second assignment of error is overruled.


IV.     Conclusion

**{¶ 25}** Having overruled both of Reed's assignments of error, the judgment of the trial court is affirmed.


. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.