[Cite as *Bedford Hts. v. Brisbane*, 2025-Ohio-42.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF BEDFORD HEIGHTS,                    :

    Plaintiff-Appellee,                    :

                                        No. 113733

    v.                    :

ALPHONSO S. BRISBANE,                    :

    Defendant-Appellant.                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2025

---

Criminal Appeal from the Bedford Municipal Court
Case No. 20TRC04107

---

### *Appearances:*

Bricker Graydon LLP, Kellie A. Kulka, and Anne Marie Sferra, *for appellee.*

Alphonso S. Brisbane, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Alphonso S. Brisbane ("Brisbane") appeals the trial court's finding that he violated his community-control sanctions ("CCS"). After reviewing the facts of the case and pertinent law, we affirm the trial court's decision.

## I.   Facts and Procedural History

{¶ 2}   On October 5, 2020 Brisbane was cited and charged with four separate offenses:  (A) operating vehicle while under the influence of alcohol or drugs ("OVI"), a violation of R.C. 4511.19(A)(1)(a); (B) refusal to submit to the tests under section 4511.191 with a prior OVI offense within the preceding 20 years, a violation of R.C. 4511.19(A)(2)(1); (C) driving under suspension, a violation of R.C. 4510.11(A) and (D) violating Bedford Cod.Ord. 333.04A — Slow Speed.[1]  At the time of these offenses, Brisbane's license was suspended due to a 2017 OVI offense in the Garfield Heights M.C. No. TRC1711738A, but he was granted limited driving privileges.

{¶ 3}   On May 4, 2022, Brisbane pled no contest to a violation of R.C. 4510.11(A) – Driving Under Suspension and the remaining counts were dismissed. The trial court sentenced Brisbane as follows:  a 180-day jail term, which was suspended; a fine of $1,000, plus costs, with $500 suspended and two years of active CCS.

{¶ 4}   The terms of his CCS included "1) no similar offenses charged, 2) no DUS offenses, 3) no criminal offenses, 4) comply with standard conditions as established by the Probation Department, 5) no probation violations."

---

[1] On September 20, 2024, this court ordered supplemental briefing regarding whether the original citation included a safety-belt violation.  We find that it does not since the ticket does not make reference to the ordinance that gives rise to the offense. *See Barberton v. O'Connor,* 17 Ohio St.3d 218, 222 (1985) (holding "that a Uniform Traffic Ticket properly charges the defendant with an offense when it describes the nature of the offense . . . and makes reference to the ordinance that gives rise to the offense . . . .").

{¶ 5} On February 8, 2023, Brisbane was charged with another OVI offense after getting into a motor-vehicle collision in Garfield Heights M.C. No. TRC2300584.

{¶ 6} A CCS violation hearing was held on August 31, 2023. Brisbane appeared with counsel. Probation Officer Mollee Jarvis ("P.O. Jarvis") provided the trial court with a recommendation on the CCS violation. P.O. Jarvis informed the court of Brisbane's charges in the Garfield Heights Municipal Court. The court stated on the record that Brisbane had another charge pending in the Bedford Municipal Court for driving under suspension on April 8, 2023, M.C. No. 23TRD02018.

{¶ 7} The court found Brisbane had violated the terms of his CCS. The court then terminated his CCS and sentenced him to serve the originally suspended 180 days in jail. The court issued a judgment entry which was journalized on September 5, 2023, regarding the August 31, 2023 community-control-violation hearing.

{¶ 8} On March 15, 2024, Brisbane filed a delayed appeal of the August 31, 2023 journal entry, which this court accepted, arguing six assignments of error:

> FIRST ASSIGNMENT OF ERROR: The trial Court erred and abused its description [sic] by denying Appellant-Defendant['s] motion to suppress all evidence based on the lack of a valid probable cause for the stop, search, and seizer [sic].

> SECOND ASSIGNMENT OF ERROR: The trial court erred and abused its description [sic] in allowing a Probation Officer to testify to a record she did not prepare.

THIRD ASSIGNMENT OF ERROR: The trial Court erred and abused its description [sic] when it refused to give the Defendant-Appellant a written claim of the violations, a disclosure to the evidence against him; an opportunity to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body and a written statement by the fact finders to the evidence relied upon and the reason revoking his probation.

FOURTH ASSIGNMENT OF ERROR: The trial Court erred and abused its description [sic] by allowing the Prosecutor to represent the State.

FIFTH ASSIGNMENT OF ERROR: The trial court erred and abused its description [sic] when it failed to function as a "NEUTRAL AND DETACHED HEARING BODY." Therefore, the trial court demonstrated undue bias, hostility and absence of neutrality toward the Defendant-Appellant.

SIXTH ASSIGNMENT OF ERROR: The trial court erred and abused its description[sic] when the court sentenced the Defendant-Appellant to Cuyahoga Correction [sic] Center for six months, and did not ask the Defendant-Appellant how he pled to the charges.

## II. Law and Analysis

{¶ 9} At the outset, we recognize that Brisbane appealed his case pro se. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). "'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.'" (Emphasis in original.) *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10, citing *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001).

**Standard of Review**

{¶ 10} "We review a trial court's decision to terminate a defendant's community-control sanctions for an abuse of discretion." *State v. Malfregeot*, 2024-Ohio-257, ¶ 6 (8th Dist.), citing *State v. Kusinko*, 2023-Ohio-4545, ¶ 9 (8th Dist.). "A trial court's decision revoking [CCS] will not be reversed absent a showing of abuse of discretion." *State v. Hinzman*, 2024-Ohio-2452, ¶ 25 (8th Dist.), citing *State v. Gomez*, 1994 Ohio App. LEXIS 613 (11th Dist. Feb. 18, 1994), quoting *State v. Scott*, 2005-Ohio-4873, ¶ 24 (6th Dist.). "An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority." *Id.*, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, ¶ 35 (2021).

{¶ 11} Because Brisbane did not raise any objections during the CCS violation hearing, this court is limited to a plain-error review. *State v. Frazier*, 2017-Ohio-470, ¶ 8 (8th Dist.) ("Appellant failed to object to any alleged error below, and therefore has waived all but plain error"), citing *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001), quoting *State v. Childs*, 14 Ohio St.2d 56, 62 (1968). Plain error arises only when, "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Reed*, 2023-Ohio-1161, ¶ 10 (2d Dist.), quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph two of the syllabus.

**First Assignment of Error**

{¶ 12} Appellant argues in his first assignment of error that the trial court erred and abused its discretion by denying Brisbane's motion to suppress all the

evidence because there was a lack of probable cause for the stop, search and seizure. We disagree.

**{¶ 13}** A hearing was held on Brisbane's motion to suppress on April 19, 2021. On May 27, 2021, the trial court granted the motion, in part, and denied it, in part. The trial court journalized Brisbane's no contest plea on May 9, 2022, where Brisbane was found guilty by the trial court and was sentenced to two years of CCS. This journal entry states that "[p]robable cause stipulated."

**{¶ 14}** At that point, Brisbane had 30 days to appeal the trial court's ruling. Brisbane did not appeal that final judgment entry.

**{¶ 15}** Generally, "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal . . . within 30 days of that entry." App.R. 4(A)(1); *State v. Lenhart*, 2020-Ohio-2727, ¶ 34 (8th Dist.); *see Wells Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580, ¶ 14 (8th Dist.).

> Under the doctrine [of res judicata], "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."

*State v. Santiago*, 2011-Ohio-3059, ¶ 14 (8th Dist.), quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). "The doctrine of res judicata bars further litigation of issues which were raised previously or could have been raised previously in an appeal." *State v. Lowe*, 2005-Ohio-5986, ¶ 11 (8th Dist.), citing *State v. Day,* 2005-Ohio-281, ¶ 9 (8th Dist.).

{¶ 16} We find that Brisbane's first assignment of error is barred by the doctrine of res judicata since it should have been brought 30 days after the final judgment of his conviction filed on May 9, 2022.

{¶ 17} As such, Brisbane's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 18} Appellant argues in his second assignment of error that the trial court erred and abused its discretion by allowing a probation officer at his violation hearing to testify to records she did not prepare. We disagree.

{¶ 19} Brisbane failed to object to the unsworn testimony of the probation officer. The failure to timely object to a due process violation, such as unsworn testimony, during a CCS revocation proceeding waives any error. *State v. Simpkins*, 2006-Ohio-3496, ¶ 12 (8th Dist.). Therefore, Brisbane waives any error regarding the probation officer' s testimony. *Id.*

{¶ 20} Our review of the record shows that P.O. Jarvis authored two status reports, such that she was not testifying to records she did not make. The first status report she prepared was on February 7, 2023, and it notes that Brisbane had not been in contact with the department since August, 2022; that he was not attending his monthly check-ins with the her and that he missed two report days. The second status report authored by P.O. Jarvis was prepared on March 1, 2023. The report notes that "[Brisbane] was charged with OVI, HITSKIP, and OVI REFUSAL, on 12/21/22 and OVI, DUS, on 2/8/23 both by Garfield Heights Police Department." The report states that these appear to be violations of his CCS and that she

recommends that a jail sentence be imposed and that his CCS should be terminated as unsuccessful.

{¶ 21} At the violation hearing, P.O. Jarvis communicated to the court the violations detailed in her status reports noted above. However, she did not submit the reports as evidence and the trial court does not state that it reviewed or relied on the reports. Brisbane did not object to any of this at the time of the hearing and we find no plain error. Furthermore, Brisbane's argument that P.O. Jarvis testified to documents she did not create is unsupported by the evidence since the two status reports definitely say they were "FROM OFFICER: MOLLEE JARVIS."

{¶ 22} As such, we overrule Brisbane's second assignment of error.

**Third Assignment of Error**

{¶ 23} In his third assignment of error, Brisbane essentially argues that the court erred and violated his due process rights in the following ways: by not providing him a written claim of the violations, by not disclosing the evidence against him, by not giving him an opportunity to present witnesses or to confront and cross-examine witnesses, by not having a neutral and detached hearing body and by not providing him with a written statement by the factfinder of the evidence relied upon and the reason for his CCS revocation.

{¶ 24} Under Ohio law, the due process rights which must be observed in a CCS revocation hearing are:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and

documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a "neutral and detached" hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied upon and reasons for revoking [probation or] parole . . . .

*State v. Simpkins*, 2006-Ohio-3496, ¶ 14 (8th Dist.). Again, "failure to timely object to a due process violation during a probation revocation proceeding waives any error." *Id.* at ¶ 12.

{¶ 25} Despite waiving any errors, we find all the due process requirements were met in this case. Brisbane was represented by counsel at the hearing. Brisbane was given notice of the claimed violations by the trial court's oral statements on the record and was provided written notice of the CCS violation hearing prior to the hearing. At the hearing, the evidence against him, such as his failure to comply with his CCS requirements and the additional charges against him was disclosed to him. He had the opportunity to be heard on every issue brought to the court's attention and he spoke on each issue the trial court raised. He had the right and opportunity to confront and cross-examine the only witness present, P.O. Jarvis, but Brisbane chose not to cross-examine her. Brisbane presents zero argument or evidence that the trial court was not a neutral and detached hearing body. Lastly, the court's September 5, 2023 journal entry provided a written statement regarding the evidence the court relied upon by the prosecutor and P.O. Jarvis regarding Brisbane's violations to support the reason for revoking his CCS. The court explained the basis of P.O. Jarvis's recommendation that Brisbane's CCS be terminated.

{¶ 26} Brisbane also argues that the trial court failed to conduct both a preliminary and a final revocation hearing. However, Ohio law does not require two separate and distinct proceedings. This court has previously held that there is no due process violation in conducting both hearings on the same day. *State v. Macura*, 2019-Ohio-4064, ¶ 17 (8th Dist.), citing *State v. Gaines*, 2019-Ohio-639 (8th Dist.); *State v. Greene*, 2018-Ohio-1965 (8th Dist.); and *State v. Cox*, 2018-Ohio-748 (8th Dist.). When it is clear from the transcript that the violation hearing began as a preliminary probable-cause hearing and then transitioned into a revocation hearing, there is no due process violation. *State v. Macura,* 2019-Ohio-4064, ¶ 19 (8th Dist.), citing *State v. Patton*, 2016-Ohio-4867, ¶ 16 (8th Dist.). We note that Brisbane never objected to the hearing. We find upon review of the transcript that the violation hearing began as a preliminary probable-cause hearing and transitioned into a revocation hearing. *Id*. As such there was no due process violation and we find no error.

{¶ 27} The trial court had more than sufficient evidence to find that Brisbane violated his CCS terms and we find no due process violations occurred.

{¶ 28} Accordingly, Brisbane's third assignment of error is overruled.

**Fourth Assignment of Error**

{¶ 29} In his fourth assignment of error Brisbane argues the trial court erred and abused its discretion by allowing the prosecutor to represent the city. Brisbane fails to cite any law to support this argument. He states in his brief that the judge

asked the prosecutor for his opinion regarding the CCS violation and that the prosecutor opined that six months in jail was appropriate. He presents no argument, case law or evidence to support this assignment of error that the prosecutor could not represent the city.

{¶ 30} App.R. 12(A)(2) provides that the "court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." *Nunn v. Mitchell*, 2023-Ohio-2484, ¶ 6 (8th Dist.) Here we find that in violation of App.R. 12(A)(2) Brisbane has failed to identify in the record any error and failed to properly argue this assignment of error as required under App.R. 16(A).

{¶ 31} We overrule Brisbane's fourth assignment of error.

**Fifth Assignment of Error**

{¶ 32} In this fifth assignment of error, Brisbane argues that the trial court erred and abused its discretion when it failed to function as a "neutral and detached hearing body" and that it demonstrated undue bias, hostility and absence of neutrality toward him.

{¶ 33} As we stated above, Brisbane presents no argument or evidence that the trial court was not a neutral and detached hearing body. He cites to nothing in the record that demonstrates that the trial court failed to be neutral and detached. The court heard from the prosecutor, P.O. Jarvis and Brisbane, before making its

decision. There is no evidence in the record that the trial court was hostile, biased or not neutral toward Brisbane.

{¶ 34} Pursuant to App.R. 12(A)(2) we disregard this assignment of error because Brisbane has failed to identify in the record where there was any hostility, bias or a lack of neutrality exhibited by the trial court.

{¶ 35} As such, Brisbane's fifth assignment of error is overruled.

**Sixth Assignment of Error**

{¶ 36} In his sixth assignment of error, Brisbane argues that the trial court erred and abused its discretion by sentencing Brisbane to six months of incarceration without asking Brisbane how he pled to the charges.

{¶ 37} Initially, we note that a CCS violation hearing is not a criminal trial and, therefore, the trial court did not have to ask how Brisbane pled. *State v. Reese*, 2020-Ohio-4747, ¶ 14 (8th Dist.)

{¶ 38} Further, Brisbane's original sentence included a suspended jail term. Here, the trial court imposed the original sentence of 180 days in jail for violating the terms of his CCS. Pursuant to R.C. 2929.24(A)(1) the longest duration of incarceration the trial court could impose for a misdemeanor of the first degree, which is what we have here, was not more than 180 days. As such, the trial court did not err or abuse its discretion by reinstating Brisbane's original 180 day jail term since it is proper under Ohio law.

{¶ 39} We, therefore, overrule Brisbane's sixth assignment of error.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)